IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: ) | Case No.: 15-01896 |
|    Melvin L Hill, Jr., ) | Chapter 13 |
| ) | |
|    Debtor(s). ) | Judge Jack B. Schmetterer |

## NOTICE OF MOTION

TO:   The Honorable Judge Jack B. Schmetterer, *Via Electronic Filing*

       Tom Vaughn, Chapter 13 Trustee, *Via Electronic Filing*

       Melvin L Hill, Jr., 5641 Murray Dr Berkeley, IL 60163, *Via US Mail*

       Additional Creditors, *Via Attached Notice of 341 Meeting of Creditors*

On March 25, 2015 at 11:00 a.m. or soon thereafter as I may be heard, I shall appear before Bankruptcy Judge Jack B. Schmetterer or any other Bankruptcy Judge presiding at the 219 South Dearborn, Courtroom 682, Chicago, IL, and shall request that the Attorney's Application for Compensation be entered, at which time you may appear if so desired.

                                                 /s/ *David H. Cutler*
                                                 David H. Cutler, ESQ
                                                 Attorney for Debtor(s)
                                                 Cutler & Associates Ltd.
                                                 4131 Main St.
                                                 Skokie, IL 60076
                                                 (847) 673-8600

## CERTIFICATE OF SERVICE

The undersigned, an Attorney, does hereby certify that a copy of this Notice and Motion was filed AND sent electronically and via US MAIL to the above captioned by 5:00 p.m. on or before January 28, 2015.

                                                 /s/ *David H. Cutler*
                                                 Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: Melvin L Hill, Jr. | ) | Case No. 15-01896 |
| | ) | Hearing Date: March 25, 2015 |
| Debtor(s) | ) | Judge Honorable Jack B. Schmetterer |

### ATTORNEY'S APPLICATION FOR COMPENSATION FOR REPRESENTING CHAPTER 13 DEBTOR(S)
(Use for cases filed on or after 8/21/2012)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**
The attorney and the debtor(s) [✓] have   [ ] have not entered into the Court-Approved Retention Agreement.

**Attorney Certification:**
The attorney hereby certifies that:
1. All disclosures required by General Order 11-2 have been made, and
2. If a Flat Fee is requested, the attorney and the debtor have not entered into any other agreements that provide for the attorney to receive (a) any kind of compensation, reimbursement, or other payment or (b) any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement.

**Compensation for services previously awarded in this case:**
[✓] None    [ ] a total of $_____, pursuant to orders entered on the following dates: _____.

**Compensation for services now sought in this case:**
$ 4,000 flat fee for services through case closing    $_____ for itemized services (itemization attached).

**Reimbursement now sought for expenses advanced by the attorney:**
$_____ for filing fee paid by the attorney with the attorney's funds
$_____ for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization attached)

$_____ Total reimbursement for expenses requested.

**Additional expenses incurred in the case for which the attorney is not seeking reimbursement (either paid by the debtor(s) directly or paid by the attorney with funds provided by the debtor(s)):**
$ 310 for filing fee
$_____ for other expenses, itemized as follows:
    $_____ Describe expenses: _____
    $_____ Describe expenses: _____
    (add more lines if needed)

$ 310 Total non-reimbursable expenses pre-paid by the debtor (this amount not to appear on fee order).

**Funds received from debtor for services and expenses advanced by the attorney:**
[ ] None
$ 1,200 for services
$_____ for expenses advanced by the attorney

**Itemization of time:** [✓] Not submitted    [ ] Attached to this application.

Date of Application: 1/28/2015    Attorney's signature: /s/ David H. Cutler

David H. Cutler, ESQ
Cutler & Associates Ltd.
4131 Main St.
Skokie, IL 60076
(847) 673-8600

Form No. 23, revised 11/14

**B9I (Official Form 9I)** (Chapter 13 Case) (12/12)          Case Number **15−01896**

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

## *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines*
The debtor(s) listed below filed a chapter 13 bankruptcy case on 1/21/15.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors −− Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Melvin L Hill Jr.
5641 Murray Dr
Berkeley, IL 60163

| | |
|---|---|
| Case Number: 15−01896<br>Office Code: 1 | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx−xx−1369 |
| Attorney for Debtor(s) (name and address):<br>David H Cutler<br>Cutler & Associates, Ltd.<br>4131 Main St.<br>Skokie, IL 60076<br>Telephone number: 847−673−8600 | Bankruptcy Trustee (name and address):<br>Tom Vaughn<br>55 E. Monroe Street, Suite 3850<br>Chicago, IL 60603<br>Telephone number: 312 294−5900 |

## Meeting of Creditors:
Date: **February 24, 2015**      Time: **12:30 PM**
Location: **55 East Monroe, Suite 3850, Chicago, IL 60603**
**All debtors are required to attend and bring a picture ID and proof of their Social Security Number to the 341 meeting.**

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**
For all creditors (except a governmental unit): **5/26/15**     For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002(c)(1)): **7/20/15**

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

**Filing of Plan, Hearing on Confirmation of Plan and Attorney Fees**
The debtor has filed a plan. The plan or a summary of the plan is enclosed. The hearing on confirmation and to consider a request by debtor's counsel for payment of legal fees will be held:
Date: **March 25, 2015**, Time: **11:00 AM**, Location: **219 South Dearborn, Courtroom 682, Chicago, IL 60604**
**The Disclosure of Compensation has been filed and the debtor's attorney is requesting fees of $ 4000.00**
If there are no objections, the Court may confirm the plan and allow fees requested by debtor's counsel to be paid through the plan.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 4/27/15**

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604<br>Telephone number: 1−866−222−8029 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Jeffrey P. Allsteadt |
| Hours Open: Monday − Friday 8:30 AM − 4:30 PM | Date: January 22, 2015 |

**EXPLANATIONS**  B9I (Official Form 9I) (12/12)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form ("Official Form B 10") can be obtained at the United States Courts Web site: (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid, you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

–– Refer to Other Side for Important Deadlines and Notices ––